**SANI LAW, APC**
Sam Sani (SBN 273993)
136 Main Street, Suite A
El Segundo, CA 90245
Tel: (310) 935-0405
Fax: (310) 935-0409
ssani@sanilawfirm.com

Attorney for Plaintiff, the Classes
EVELIA MONTANO

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVELIA MONTANO, as an individual and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> vs. <br><br> BYD COACH AND BUS LLC, a California corporation; and DOES 1 through 10, <br><br> Defendants. | CASE NO.: 2:19-cv-382 <br><br> **Class and Collective Action Complaint:** <br><br> **(1) Meal Break Violations;** <br> **(2) Rest Break Violations;** <br> **(3) Minimum Wage Violations;** <br> **(4) Overtime Wage Violations;** <br> **(5) Fair Labor Standards Act (29 U.S.C. § 201 *et seq.*);** <br> **(6) Wage Statement Violations;** <br> **(7) Waiting Time Penalties;** <br> **(8) Unfair Competition** <br><br> **Demand For Jury Trial** <br> **Unlimited Civil Case** |

Plaintiff Evelia Montano ("Plaintiff") brings this Class and Collective Action Complaint ("Complaint") individually and on behalf of all others similarly situated against BYD Coach and Bus LLC, a California corporation, and DOES 1 to 10, inclusive (collectively "Defendants"), and on information and belief alleges as follows:

## **Jurisdiction & Venue**

1.      This Complaint seeks recovery of unpaid wages and penalties under the Fair Labor Standards Act ("FLSA"), California Business and Professions Code § 17200 *et. seq*., Labor Code §§ 201-204, 218.5, 218.6, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and Industrial Welfare Commission Wage Order 9 ("Wage Order 9"), declaratory relief, and restitution.

2.      This Court has jurisdiction over (1) Defendants' violations of the FLSA pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 because the action asserts rights arising under federal law, and (2) Defendants' violation of the California Labor Code sections set forth in the immediately preceding paragraph, California Business and Professions Code and Wage Order 9, because these claims derive from the same common nucleus of operative facts.

3.      Venue is proper under 28 U.S.C. 1391 because Defendants do business in Los Angeles County and the acts alleged herein took place in Los Angeles County.  Plaintiff does now, and at all times relevant herein did, reside in Los Angeles County and was employed by Defendants within Los Angeles County. Defendants are also subject to the personal jurisdiction of this Court pursuant to 28 U.S.C. 1391(c), because at least some of them operate businesses where they employed Plaintiff within the Central District of California.

## **Parties**

Plaintiff Evelia Montano

4.      Plaintiff is an individual over the age of eighteen (18) who, at all time relevant, was and currently is a California resident, and who was employed by

Class and Collective Action Complaint

Defendants as a non-exempt employee during the statute of limitations period applicable to each claim pled herein.  Defendants' unlawful wage and hour policies and practices caused Plaintiff injury and violated her rights pursuant to the FLSA, California Labor Code §§ 201-204, 218.5, 218.6, 226 *et seq.*, 226.7, 510, 512, 516, 558, 1182.12, 1194, 1194.2, 1197, 1198, and California Business and Professions Code § 17200 *et seq.*; and Wage Order 9 which sets employment standards for the transportation industry.

Defendants BYD Coach and Bus LLC & DOES 1-10

5.    During the statute of limitations period applicable to each claim pled herein, Defendants did, and do business by manufacturing electric vehicles, including automobiles, buses, and trucks. Defendants employed Plaintiff and other, similarly-situated non-exempt employees within the State of California, including Los Angeles County.  Thus, Defendants were and continue to operate a business in Los Angeles County and the State of California.

6.    Plaintiff does not know the true names or capacities, whether individual, partner, or corporate, of the defendants sued herein as DOES 1 to 10, inclusive, and for that reason, said defendants are sued under such fictitious names, and Plaintiff will seek leave from this Court to amend this Complaint when such true names and capacities are discovered. Plaintiff is informed and believes, and based thereon alleges, that each of said fictitious defendants, whether individual, partners, or corporate, were responsible in some manner for the acts and omissions alleged herein, and proximately caused Plaintiff and the Classes (as defined in Paragraphs 19-27) to be subject to the unlawful employment practices, wrongs, injuries and damages complained of herein.

7.    Plaintiff is informed, and believes, and thereon alleges, that at all times relevant, Defendants were and are the employers of Plaintiff and all members of the Classes.

8.    At all times relevant, each Defendant participated in the acts alleged to

Class and Collective Action Complaint

have been done by the named Defendants; and each of them were the agents, servants, and employees of each and every one of the other Defendants, as well as the agents of all Defendants, and at all times herein mentioned were acting within the course and scope of said agency and employment.  Defendants, and each of them, approved of, condoned, and/or otherwise ratified each and every one of the acts or omissions complained of herein.

9.    At all times relevant, Defendants, and each of them, were members of and engaged in a joint venture, partnership, and common enterprise, and acting within the course and scope of and in pursuance of said joint venture, partnership, and common enterprise.

10.    At all times relevant, Defendants were joint employers for all purposes of Plaintiff and all Class Members.

**Factual Allegations**

11.    Defendants employed Plaintiff Evelia Montano ("Plaintiff") from approximately June 2017 through her termination in November 2018.  Plaintiff worked as a non-exempt employee for Defendants from June 2017 through approximately August 2018 ("non-exempt period"), during which time Plaintiff work in the Data Entry position in Defendants' sales department.

12.    Defendants have had a consistent policy of failing to provide Plaintiff and other similarly situated non-exempt employees within the State of California a thirty (30) minute uninterrupted meal period for days on which the employees worked more than five (5) hours in a work day, and a second thirty (30) minute uninterrupted meal period for days on which the employees worked in excess of ten (10) hours in a work day.  Plaintiff's volume of work and deadlines imposed by Defendants prevented her from taking meal periods that started before the fifth hour of work and that were at least 30 minutes in length.  Even when Plaintiff and other non-exempt employees clocked-out for a purported meal period, Defendants imposed such a high volume of work and deadlines that Plaintiff and other non-

Class and Collective Action Complaint

exempt employees were forced to work off-the-clock work during such purported meal periods. Defendants' policy and/or practice of forcing non-exempt employees to perform unpaid off-the-clock work during their purported meal periods caused Plaintiff and other non-exempt employees to not be paid minimum wages for the time they worked during purported meal periods, and to work in excess of 8 hours per work day and/or in excess of 40 hours per workweek without receiving overtime wages for such overtime work. On occasions when Plaintiff started a first meal period after the fifth hour of a shift, Defendants manually modified Plaintiff's time records to reflect that she had started her first meal period before the fifth hour of the shift.

13.    Defendants also failed to pay Plaintiff and other non-exempt employees a meal period premium for each work-shift in which they were not provided a legally compliant meal period, as required under Labor Code § 226.7.

14.    Defendants had a consistent policy of failing to provide Plaintiff and similarly situated employees or former employees within the State of California rest periods of at least ten (10) minutes per four (4) hours worked or major fraction thereof. Defendants, as a matter of policy and practice, imposed work volumes and deadlines on Plaintiff and other non-exempt employees such that they were not authorized and/or permitted to take ten-minute rest periods per four hours of work, or major fraction thereof.

15.    Defendants also failed to pay Plaintiff and other non-exempt employees a rest period premium for each work-shift in which they were not authorized and permitted to take a legally compliant rest period, as required under Labor Code § 226.7.

16.    Defendants have failed to comply with Labor Code section 226(a) by not providing itemized wage statements accurately reporting, including but not limited to, non-exempt employees' total regular and overtime hours worked, and gross and net wages earned.

Class and Collective Action Complaint

17.    At the time when Plaintiff's employment and the employment of other non-exempt former employees of Defendants ended, Defendants willfully failed to pay all final wages owed to Plaintiff and other non-exempt employees, including all meal and rest period premium wages and all minimum wages and overtime wages.

## Class & Collective Action Allegations

18.    Plaintiff brings this action on behalf of herself and all other similarly situated non-exempt employees pursuant to Rule 23 of the Rules of Federal Procedure and the FLSA.  Plaintiff seeks to represent nine (9) Classes composed of and defined as follows:

19.    The **Meal Break Class** is composed of all current and former non-exempt employees of Defendants within the State of California at any time starting from four years before the filing of this Complaint until the time that notice of this class action is provided to the class who worked shifts five (5) hours or more without receiving a thirty (30) minute meal period before the start of the fifth hour of work, or who worked shifts ten (10) hours or more without receiving a second thirty (30) minute meal break;

20.    The **Rest Break Class** is composed of all current and former non-exempt employees of Defendants within the State of California at any time starting from four years before the filing of this Complaint until the time that notice of this class action is provided to the class who worked shifts of four (4) hours or more;

21.    The **California Minimum Wage Class** is composed of all current and former non-exempt employees of Defendants within the State of California at any time starting from four years before the filing of this Complaint until the time that notice of this class action is provided to the class who were subjected to Defendants' meal break policies/practices;

22.    The **FLSA Minimum Wage Class** is composed of all current and former non-exempt employees of Defendants throughout the United States at any

Class and Collective Action Complaint

time starting from three years before the filing of this Complaint until the time that notice of this class action is provided to the class who were subjected to Defendants' meal break policies/practices;

23.    The **California Overtime Class** is composed of all current and former non-exempt employees of Defendants within the State of California at any time starting from four years before the filing of this Complaint until the time that notice of this class action is provided to the class who worked more than eight hours in a workday and/or forty hours in a workweek and were subjected to Defendants' meal break policies/practices;

24.    The **FLSA Overtime Class** is composed of all current and former non-exempt employees of Defendants throughout the United States at any time starting from three years before the filing of this Complaint until the time that notice of this class action is provided to the class who worked more than forty hours in a workweek and were subjected to Defendants' meal break policies/practices;

25.    The **Itemized Statement Class** is composed of all members of the Meal Break Class, Rest Break Class, California Minimum Wage Class, and California Overtime Class, who received a wage statement from Defendants at any time starting from one year before the filing of this Complaint until the time that notice of the class action is provided to the class;

26.    The **Late Pay Class** is composed of consists of all members of the Meal Break Class, Rest Break Class, California Minimum Wage Class, and California Overtime Class who did not receive all their wages upon the end of their employment at any time starting from three years before the filing of this Complaint until the time that notice of this class action is provided to the class;

27.    The **Unfair Competition Class** is composed of all members of the Meal Break Class, the Rest Break Class, the California Minimum Wage Class, the California Overtime Class, the Itemized Statement Class, and the Late Pay Class.

**A. <u>Numerosity</u>**

Class and Collective Action Complaint

28.     The potential members of the Classes as defined are so numerous that joinder of all members of the Classes is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff estimates that there are over fifty (50) Class Members employed by Defendants.

29.     Accounting for employee turnover during the statutory periods necessarily increases this number substantially.  Plaintiff alleges that Defendants' employment records would provide information as to the number and location of all Class Members.

**B. Commonality**

30.     There are questions of law and fact common to Class Members.  These common questions include, without limitation:

(1)     Did Defendants violate Labor Code section 512 by not providing meal breaks to Class Members?

(2)     Did Defendants violate Labor Code section 226.7 by not paying meal break premium wages to Class Members for late, missed, or interrupted meal breaks?

(3)     Did Defendants violate Labor Code section 226.7 by not paying rest break premium wages to Class Members for missed rest breaks?

(4)     Did Defendants violate Labor Code section 1194 by not paying all minimum wages to Class Members for off-the-clock work they performed during purported meal breaks?

(5)     Did Defendants violate Labor Code sections 510 and 1194 by not paying all overtime wages to Class Members for overtime work they performed during work shifts in which they performed off-the-clock work during purported meal breaks?

(6)     Did Defendants violate Labor Code sections 201 and 202 by failing to pay Class Members all wages earned upon termination or resignation?

Class and Collective Action Complaint

(7)   Did Defendants violate Labor Code section 226 by not furnishing Class Members with accurate wage statements?

(8)   Did Defendants violate the Unfair Competition Law, Business and Professions Code section o17200, *et seq.*, by their unlawful practices alleged herein?

(9)   Are Class Members entitled to attorneys' fees and costs?

31.   The common questions alleged herein are numerous and substantial as they arise from Defendants' consistent meal and rest break policies/practices, and minimum wage and overtime wage policies/practices applicable to Class Members. The common questions alleged herein predominate over individualized questions about each class member's right to recover and amount of damages.

## C. Typicality

32.   Plaintiff's claims alleged herein are typical of those claims which could be alleged by any member of the Classes, and the relief sought is typical of the relief which would be sought by each of the members of the Classes in separate actions.   Plaintiff and members of the Classes sustained injuries and damages arising out of and caused by Defendants' common course of conduct in violation of laws and regulation that have the force and effect of law and statutes as alleged herein.

## D. Adequate Representative

33.   Plaintiff will fairly and adequately represent and protect the interests of the members of the Classes.   Counsel who represents Plaintiff is competent and experienced in litigating wage and hour class actions.

## E. Superiority of Class Action

34.   A class action is superior to other available means for the fair and efficient adjudication of this controversy.   Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Classes predominate over any questions affecting only individual members of the Classes.   If each

9

Class and Collective Action Complaint

individual member of the Classes was required to file an individual claim against Defendants, Defendants would have the advantage of being able to overwhelm each individual Class Member's limited resources with Defendants' more robust resources. Requiring Class Members to file individual claims may dissuade Class Members, who would otherwise join the Classes, from pursuing their individual claims dur to fear of retaliation from their employment and/or harm to their career. Requiring Class Members to file individual claims would also increase the risk of inconsistent adjudications/verdicts with respect to the claims alleged herein. This could in turn create varying standards of conduct for Defendants to follow with respect to the claims alleged herein. Class action treatment will allow those similarly situated to litigate their claims in a manner that is most efficient and economical for the parties and the judicial system. Plaintiff is unaware of any difficulties that are likely to be encountered in the management of this action that would preclude its maintenance as a class action.

35.    As such, the Rule 23 Classes identified in Paragraph 16 are maintainable as a Class under Rule 23(b)(1) and/or Rule 23(b)(3).

## FIRST CLAIM

### MEAL BREAK VIOLATIONS
### (AGAINST ALL DEFENDANTS)

36.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

37.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and members of the Meal Period Class, with all legally compliant meal periods in accordance with the California Labor Code and Wage Order 9, § 11. Despite Defendants' violations, Defendants did not pay an additional hour of pay to Plaintiff and members of the Meal Period Class in accordance with California Labor Code §§ 204, 210, 226.7, and 512.

38.    Defendants are responsible for paying premium compensation for

meal period violations to Plaintiff and members of the Meal Period Class pursuant to Labor Code §§ 226.7, 512, and 558, and Wage Order 9, including interest thereon, statutory penalties, and costs of suit.

## SECOND CLAIM
### REST BREAK VIOLATIONS
### (AGAINST ALL DEFENDANTS)

39.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

40.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to authorize and permit Plaintiff and members of the Rest Period Class to take all required rest periods in accordance with Wage Order 9, § 12 and California Labor Code §§ 226.7, 516 and 558.

41.    Defendants are responsible for paying premium compensation for rest period violations to Plaintiff and members of the Rest Period Class, including interest thereon, statutory penalties, and costs of suit, pursuant to California Labor Code §§ 226.7, 516, 558, and Civil Code §§ 3287(b) and 3289.

## THIRD CLAIM
### MINIMUM WAGE VIOLATIONS
### (AGAINST ALL DEFENDANTS)

42.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

43.    This claim is brought on behalf of the California Minimum Wage Class pursuant to Wage Order 9, § 4 and California Labor Code §§ 1197 and 1182.12, which establish employees' right to be paid the state-mandated minimum wage for all hours worked.  An employee who does not receive the state-mandated minimum wage for all hours worked may recover the unpaid balance, attorneys' fees and costs, and liquidated damages in an amount equal to the unpaid wages and interest accrued thereon. California Labor Code §§ 1194(a), 1194.2(a).

Class and Collective Action Complaint

44.    At all times relevant to this action, Defendants failed to conform its minimum wage policies and practice to the law by failing to pay Plaintiff and members of the California Minimum Wage Class for all hours worked, including all hours they were performed work off-the-clock during purported first meal periods.

45.    As a consequence of Defendants' non-payment of minimum wages, Plaintiff and members of the Minimum Wage Class seek the unpaid balance of the unpaid minimum wages owed pursuant to California Labor Code § 1194; penalties pursuant to Wage Order 9 § 20(A) and California Labor Code § 1197.1; interest pursuant to California Labor Code §§ 218.6 and 1194 and Civil Code §§ 3287 and 3289; liquidated damages pursuant to California Labor Code § 1194.2; attorneys' fees and costs of suit pursuant to California Labor Code § 1194 et seq.; and damages and/or penalties pursuant to California Labor Code § 558(a).

### FOURTH CLAIM
### OVERTIME WAGE VIOLATIONS
### (AGAINST ALL DEFENDANTS)

46.    Plaintiff re-alleges and incorporates by reference all previous paragraphs.

47.    This claim is brought on behalf of the California Overtime Class pursuant to California Labor Code §§ 204, 510, 558, 1194, and 1198, which provide that hourly non-exempt employees are entitled to all overtime wages and compensation for hours worked, and provide a private right of action for the failure to pay all overtime compensation for overtime work performed.

48.    Plaintiff and members of the California Overtime Class worked overtime hours as a result of performing unpaid off-the-clock work during their purported first meal periods.  At all times relevant herein, Defendants were required to properly compensate hourly non-exempt employees, including Plaintiff and members of the California Overtime Class, for all overtime hours worked pursuant

to California Labor Code § 1194 and Wage Order 9. Wage Order 9, § 3 requires an employer to pay an employee "one and one-half (1½) times the employee's regular rate of pay" for work in excess of 8 hours per work day and/or in excess of 40 hours of work in the workweek. Wage Order 9, § 3 also requires an employer to pay an employee double the employee's regular rate of pay for work in excess of 12 hours each work day and/or for work in excess of 8 hours on the seventh consecutive day of work in the workweek.

49. Plaintiff is informed and believes, and based thereon alleges that Defendants regularly and systematically, as a policy and practice, failed to pay Plaintiff and members of the California Overtime Class all overtime wages for work they performed in excess of eight hours per work day and/or in excess of forty hours per workweek as a result of their working off-the-clock during their purported first meal periods.

50. Defendants' policy and practice of requiring overtime work and not paying overtime wages for all overtime hours worked violates California Labor Code §§ 204, 210, 510, 558, 1194, and 1198, and Wage Order 9.

51. The foregoing policies and practices are unlawful and create an entitlement to recovery by Plaintiff and members of the California Overtime Class in a civil action for the unpaid amount of overtime premiums owing, including interest thereon, statutory penalties, civil penalties, attorney's fees, and costs of suit according to California Labor Code §§ 204, 210, 510, 558, 1194, 1198, and Code of Civil Procedure § 1021.5.

## **FIFTH CLAIM**

## **FAIR LABOR STANDARDS ACT VIOLATIONS**
## **(AGAINST ALL DEFENDANTS)**

52. Plaintiff re-alleges and incorporates by reference all previous paragraphs

53. This claim is brought pursuant to 29 U.S.C. § 206, which requires

Class and Collective Action Complaint

employers to pay all non-exempt employees the federal-mandated minimum wage for all hours worked, and 29 U.S.C. § 207, which requires employers to pay all non-exempt employees one and one-half times the regular rate of pay for all hours worked in excess of 40 per workweek.

54.     At all times relevant to this action, Defendants failed to conform their minimum wage policies and practice to the law by failing to pay Plaintiff and members of the FLSA Minimum Wage Class at least the federal-mandated minimum wage for all hours worked, including all hours they were performed work off-the-clock during purported first meal periods.  Defendants' policy and practice of requiring Plaintiff and members of the FLSA Minimum Wage Class to perform unpaid off-the-clock work, as alleged, violates the FLSA's minimum wage requirements, including 29 U.S.C. § 206.

55.     At all times relevant to this action, Defendants failed to conform their overtime wage policies and practice to the law by failing to pay Plaintiff and members of the FLSA Overtime Class all overtime wages for work they performed in excess of forty hours per workweek as a result of their working off-the-clock during their purported first meal periods.  Defendants' policy and practice of requiring Plaintiff and members of the FLSA Overtime Wage Class to perform overtime work and not paying them all overtime wages owed for such work, as alleged, violates the FLSA's overtime requirements, including 29 U.S.C. § 207.

56.     Defendants' policies and practices, as alleged, constitute a wilful violation of the FLSA, within the meaning of 29 U.S.C. § 255.

57.     Defendants' policy and practice of failing to pay all minimum wages and overtime wages, as alleged, creates an entitlement for Plaintiff and members of the FLSA Minimum Wage Class and FLSA Overtime Wage Class to recover in a civil action the unpaid amount of minimum wages and overtime wages, liquidated damages, attorneys' fees and costs, and interest thereon.  29 U.S.C. § 216.

Class and Collective Action Complaint

## SIXTH CLAIM
## WAGE STATEMENT VIOLATIONS
## (AGAINST ALL DEFENDANTS)

58.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

59.   Plaintiff is informed and believes, and based thereon alleges, that Defendants knowingly and intentionally, as a matter of uniform policy and practice, failed to furnish Plaintiff and members of the Wage Statement Class with complete and accurate wage statements that correctly list the total regular and overtime hours worked and total gross and net wages earned with respect to their actual regular and overtime hours worked, total gross wages earned, in violation of Labor Code § 226 et seq.

60.   Defendants' failure to furnish complete and accurate wage statements, as alleged, caused actual injury to Plaintiff and members of the Wage Statement Class including because Defendants' failures led to non-payment of all earned minimum wages and overtime wages, and meal and rest period premium wages, and deprived non-exempt employees of the information necessary to identify the discrepancies in Defendants' reported data.

61.   Defendants' policy and practice of failing to furnish complete and accurate wage statements, as alleged, creates an entitled for Plaintiff and members of the Wage Statement Class to recover, in a civil action, damages and/or penalties pursuant to Labor Code § 226 et seq., including statutory penalties, reasonable attorneys' fees, and costs of suit according to California Labor Code § 226 *et seq.*

## SEVENTH CLAIM
## WAITING TIME PENALTIES
## (AGAINST ALL DEFENDANTS)

62.   Plaintiff re-alleges and incorporates by reference all previous paragraphs.

Class and Collective Action Complaint

63.     California Labor Code §§ 201-203 require an employer to pay all final wages immediately upon termination of an employee's employment or if the employee provides at least 72 hours of notice of their intent to quit, or within 72 hours of an employee's last date of employment if the employee provides less than 72 hours of notice of their intent to quit.

64.     Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to timely pay Plaintiff and members of the Waiting Time Penalty Class all final wages due at their separation from employment, including, unpaid minimum wages, overtime wages, and meal and rest period premium wages.

65.     Defendants' failure to pay all final wages was willful within the meaning of Labor Code § 203, and results in a continued payment of wages up to thirty days from the time the wages were due.

66.     Plaintiff and members of the Waiting Time Penalty Class are entitled to recover statutory penalties pursuant to Labor Code § 203, plus reasonable attorneys' fees and costs of suit.

## EIGHTH CLAIM
## UNFAIR COMPETITION
## (AGAINST ALL DEFENDANTS)

67.     Plaintiff re-alleges and incorporates by reference all previous paragraphs.

68.     Defendants have engaged and continue to engage in unfair and/or unlawful business practices in California in violation of California Business and Professions Code § 17200 et seq., by failing to properly pay all minimum and overtime wages, provide all required meal periods and authorize and permit all required rest periods, or pay premium payments in lieu thereof, and failing to pay all final wages owed to employees upon their separation from employment with Defendants.

69.     Defendants' unfair and/or unlawful business practices deprived

Class and Collective Action Complaint

Plaintiff and continues to deprive members of the Classes of compensation to which they are legally entitled, constitutes unfair and/or unlawful competition, and provides an unfair advantage over Defendants' competitors who have been and/or are currently employing workers and attempting to do so in honest compliance with applicable wage and hour laws.

70.    Because Plaintiff is a victim of Defendants' unfair and/or unlawful conduct alleged herein, Plaintiff for herself and on behalf of the members of the Classes, seeks full restitution of monies, as necessary and according to proof, to restore any and all monies withheld, acquired and/or converted by Defendants pursuant to Business and Professions Code §§ 17203 and 17208.

71.    The acts complained of herein occurred within the last four years immediately preceding the filing of the Complaint in this action.

72.    Plaintiff was compelled to retain the services of counsel to file this court action to protect his interests and those of the Classes, to obtain restitution and injunctive relief on behalf of Defendants' current non-exempt employees, and to enforce important rights affecting the public interest. Plaintiff has thereby incurred the financial burden of attorneys' fees and costs, which he is entitled to recover under Code of Civil Procedure § 1021.5.

## PRAYER

WHEREFORE, Plaintiff prays for judgment for herself and for all others on whose behalf this suit is brought against Defendants, as follows:

1.    For an order certifying the proposed Classes;

2.    For an order appointing Plaintiff as representative of the Classes;

3.    For an order appointing Counsel for Plaintiff as Counsel for the Classes;

4.    Upon the First Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 226.7, 512, and 558;

5.    Upon the Second Claim, for compensatory, consequential, general and

Class and Collective Action Complaint

special damages according to proof pursuant to Labor Code §§ 226.7, 516, and 558;

6.    Upon the Third Claim, for payment of minimum wages, liquidated damages, and penalties according to proof pursuant to Labor Code §§ 1182.12, 1194, 1194.2 and 1197;

7.    Upon the Fourth Claim, for compensatory, consequential, general and special damages according to proof pursuant to Labor Code §§ 204, 510, 558, 1194, and 1198;

8.    Upon the Fifth Claim, for compensatory, consequential, liquidated, general and special damages pursuant to 29 U.S.C. §§ 206, 207, and 216;

9.    Upon the Sixth Claim, for statutory wage statement penalties pursuant to Labor Code § 226 *et seq*.;

10.    Upon the Seventh Claim, for statutory waiting time penalties pursuant to Labor Code § 203;

11.    Upon the Eighth Claim, for restitution to Plaintiff and members of the Classes of all money and/or property unlawfully acquired by Defendants by means of any acts or practices declared by this Court to be in violation of Business and Professions Code § 17200 *et seq*.;

12.    Prejudgment interest on all due and unpaid wages pursuant to California Labor Code § 218.6 and Civil Code §§ 3287 and 3289;

13.    On all causes of action, for attorneys' fees and costs as provided by Labor Code § 218.5 and Code of Civil Procedure § 1021.5 and all other applicable statutes; and

14.    For such other and further relief the Court may deem just and proper.


Dated: January 17, 2019

Respectfully submitted,
SANI LAW, APC

By: _____
    Sam Sani
    Attorney for Plaintiff
    EVELIA MONTANO

18

Class and Collective Action Complaint

1

## **DEMAND FOR JURY TRIAL**

2

Plaintiff hereby demands a jury trial with respect to all issues triable by jury.

3

4

5

Dated: January 17, 2019

Respectfully submitted,
SANI LAW, APC

6

7

By: _____

8

Sam Sani
Attorney for Plaintiff
EVELIA MONTANO

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Class and Collective Action Complaint

1

**CONSENT OF PLAINTIFF EVELIA MONTANO**

2

**RE CONSENT TO SUE**

3

I, Evelia Montano, declare:

4

1.      I am the Plaintiff in the above-captioned action.  The following is of

5

my own personal knowledge and, if called as a witness, I could and would testify

6

competently thereto.

7

2.      I hereby consent to be joined in this suit against Defendants BYD

8

COACH AND BUS LLC and DOES 1 through 10, under the Fair Labor Standards

9

Act, 29 U.S.C. §§ 206 *et seq.*, for unpaid minimum wages and overtime wages and

10

other relief available under the Act.

11

3.      I declare under penalty of perjury that the foregoing is true and correct.

12

Executed on January __11__, 2019 in Little Rock, California.

13

14

15

DocuSign by:
*Evelia Montano*
6DBFBD0229834E8...

16

Evelia Montano

17

18

19

20

21

22

23

24

25

26

27

28